WILLIAM A. HAINES, ADMINISTRATOR, PLAINTIFF IN ERROR, v. GEORGE A. WATTS, ADMINISTRATOR, DEFENDANT IN ERROR.

Where both parties appear on the record in a representative capacity, each is qualified as a witness in his own behalf, by force of the general provision in the third section of the "Act concerning evidence."

On error to the Supreme Court.

For the plaintiff in error, *Howard W. Hayes.*

The only question in the case is as to whether, when both parties are representatives, one of them can testify to conversations with the other's intestate.

Section 3 of the Evidence act (*Rev., p.* 378), after doing away with disqualification on account of interest, provides that no party shall be sworn, where the other is sued in a representative capacity, "except as hereinafter provided." It is "thereinafter provided," in the next section, that a party to a suit in a representative capacity may be admitted as a witness.

The act cannot be read in any way except as admitting the testimony of the representative party. Such a construction is within the spirit of the act, as a representative is a creature of the law, and has, absolutely, no personal interest in the cause. Ruling out the representative's testimony would be futile, as he has but to resign from his administratorship and have some one else appointed in his place; then his testimony could be received.

The supplement of 1880 (*Rev. Sup., p.* 287) does not affect the question. Its effect is to enlarge the right to testify, not to limit it. *McCartin* v. *McCartin,* 18 *Stew. Eq.* 265.

For the defendant in error, *Frederic W. Stevens.*

Plaintiff below, who stood in a representative capacity, sued defendant below, who also stood in a representative capacity. Plaintiff offered himself as a witness to prove oral statements made to him by defendant's intestate in his lifetime, and the evidence of such statements was rejected on the ground that the defendant, being sued in a representative capacity, the plaintiff could not testify as to any transaction with, or statement by, defendant's intestate.

. The only question on this writ of error is whether such ruling was correct.

If the plaintiff had sued in his own right, he would not have been competent to testify to the statements in question. Does the fact that he is sueing in a representative capacity make him competent?

At common law the parties to a suit were disqualified on the ground of interest.    The act of 1855 declared that interest, in the event of an action, should not render the person interested incompetent to testify, but that nothing in that act contained should be so construed as to render a party competent to testify on his own behalf.    This was followed by the act of 1859, which prescribed that no person should be disqualified by reason of his or her interest in the event of the suit as a party or otherwise, but with this proviso, that no party should be sworn where " either of the parties in a cause sue or are sued in a representative capacity."    Then came the act of 1866, which provided as follows :  " Hereafter a party to a suit in a representative capacity may be admitted as a witness therein, and, if so admitted, the opposite party may in like manner be admitted as a witness."    The substance of these statutes was embodied in the *Rev. Stat., p.* 378.    The act of 1866 was therein changed so as to read as follows, the additional words being indicated in italics :  "A party to a suit in a representative capacity may be admitted as a witness therein, and *if called as a witness on his own behalf* and admitted, the opposite party may in like manner be admitted as a witness."    The

Revision itself was supplemented by the act of 1880, which provides : " That in all civil actions in any court of law or equity of this state, any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity ; *provided, nevertheless,* that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action."

These acts are of difficult construction, and have given rise to much diversity of judicial opinion. The only case directly relevant to the present controversy is *McCartin* v. *McCartin,* 18 *Stew. Eq.* 265, which seems to me to be decisive. It decided this : Prior to the passage of the act of 1880, in a suit between a non-representative and a representative party, the non-representative party could not testify at all unless the representative party testified ; if the latter testified on any subject, he qualified the non-representative party to testify on all subjects. The act of 1880 effected a change. In enabled the non-representative party to testify on all subjects except transactions with or statements by the deceased. It also enabled the representative party to testify within the like range of subjects. If the representative party confined himself within this range he did not in anywise qualify his adversary to testify outside of it. But if he himself, under the permission given by the fourth section of the Evidence act, went beyond this range, then his adversary might likewise go beyond it and testify without limitation.

The case in hand is distinguishable from the McCartin case only in the fact that here both parties stand in a representative capacity, and the claim is that each has an unlimited power to testify under the fourth section of the Evidence act.

At common law the plaintiff was incompetent to testify. His competency is derived from statute. The only statutes to which he can point are the fourth section of the Evidence act and the act of 1880. It seems to me that the fourth section of the Evidence act is inapplicable to a case in which both litigants are parties in a representative capacity ; but whether

it does or does not apply, the result, so far as the present case is concerned, will be the same.

I. The fourth section of the Evidence act was evidently drawn with a view to provide for the common case of a representative party suing, or being sued, by a non-representative party. It speaks of a "party to a suit in a representative capacity," and an "opposite party," and it provides that if the representative party be admitted as a witness, the opposite party may, in like manner, be admitted as a witness, thus making the qualification of the "opposite party" depend upon the action of the representative party. This is singularly inappropriate language if intended to apply to a case like the present, in which it must at least be admitted that the right of both parties is equal—the right of neither depending upon the action of the other. Nor was there any reason for extending the statute to a case where both parties stood in a representative capacity. A representative party (plaintiff) testifies to admissions of indebtedness, made by a defendant defending in his own right. The defendant is alive to contradict them. As applied to such a case the statute is just. But, if the representative party testifies to like admissions, made by defendant's intestate, defendant cannot contradict them, and defendant has but a poor equivalent in being made competent to speak as to what, if anything, plaintiff's intestate may have said to him, if he ever met or conversed with him.

II. But suppose we assume that the section in question includes the case of one representative suing another; in other words, suppose we admit that "opposite party," as used in section 4, means party suing, or being sued, in a representative capacity, as well as party suing, or being sued, in his own right. If it does, it follows that the words "any party," in the act of 1880, likewise includes any representative party. Consequently the act of 1880 extends to and covers the case of two representative parties—one plaintiff and the other defendant. But what McCartin v. McCartin decides is that, within the range of evidence permitted by the act of 1880, it operates to supplant the fourth section of the Evidence act. That was

the very matter in difference between the majority of the court and the dissenting minority.   Mr. Justice Dixon thought that the fourth section of the Evidence act still remained intact. The majority thought otherwise.   " It was intended," said Mr. Justice Van Syckel, speaking of the act of 1880, " to give each party an equal privilege, without subjecting the one (to wit, the administrator) to the disadvantage of letting in the other to testify to matters of which the administrator could know nothing personally.   To this extent the act of 1880 modified the earlier law, the alteration being to partially qualify each party without reference to the action of the other." That is, if the administrator testified to any other subject-matter than transactions with or statements by his intestate, he no longer testified under the fourth section of the Evidence act, but under the act of 1880, which so far took its place.

But how far has the act of 1880 taken its place?   The act itself gives the answer :  " This supplement shall not extend so as to permit testimony to be given as to any transactions with or statements by any testator or intestate represented in said action."   The testator or intestate here referred to is the testator or intestate of the party in a representative capacity just before mentioned.   Hence it follows that " any party " may testify to anything whatever under the act of 1880, and under that act alone, except statements made to him by, or transactions had by him with, the testator or intestate against whose representative he is contending.   If " any party" wants to go further, he must show his warrant for it under the fourth section of the Evidence act.   Referring to that section, we find that one of the parties is called the " party in a representative capacity " and the other party is called the " opposite party," and it is the party in a representative capacity who has it in his power, and who alone has it in his power, to qualify the " opposite party."   Who, then, in the case in hand is the " party in a representative capacity," and who is the " opposite party ? "   The defendant is plainly the party in a representative capacity, for it is his intestate's declarations to the plaintiff that plaintiff seeks to give in evidence.   Put plaintiff

in the position of "party in a representative capacity" and defendant in the position of "opposite party" and the fourth section of the Evidence act would not apply to the case, for it is not sought to put plaintiff's intestate's declaration in evidence. Now, we have already seen that, under the act of 1880, the plaintiff may testify to everything, except transactions with or statements by defendant's intestate. These, under section 4, he cannot testify to until defendant has first made him a competent witness, by testifying to them himself.

To sum up. I contend, in the first place, that the fourth section of the Evidence act never did apply, and never was intended to apply, to a case in which both parties stood in a representative capacity. But even if it did, the result would be the same, for the act of 1880 has, according to the construction put upon it by the majority of the court in McCartin *v.* McCartin, been substituted for section 4 to the extent I have mentioned, and covers the whole field of evidence, except evidence of transactions with and statements by the testator or intestate of the party suing or being sued. The admission of evidence as to these is regulated by the provisions of section 4, and that section allows them to be testified to by the opposite party only in case the representative of the testator or intestate, whose declarations it is sought to give in evidence, has first made them competent by testifying to them, or some of them, himself.

The conclusion here reached is in conformity with the spirit and general design of the legislation, whose purpose is, in the language of this court in *Smith* v. *Burnet,* 8 *Stew. Eq.* 321, "to provide that when one of the parties to a litigated obligation is silenced by death, the other party shall be silenced by law." The attempt made is to induce this court to permit the plaintiff to give evidence of a conversation with the dead man whose representative he is suing, at which no one was present but that dead man and himself. Surely it can make no manner of difference whether plaintiff is or is not a representative. The evil to be guarded against is as great in the one case as in the other. Is it to be supposed that this court, having so re-

cently established a just rule applicable to the trial of this class of cases, and under the operation of which, to use the words of Mr. Justice Van Syckel, "the existing evils will be remedied," will forthwith proceed to engraft upon it an exception, destructive, in great measure, of its efficacy, that will, at once, let in, in many cases, the very evils against which this court sought to guard?

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  On the trial of this cause in the Circuit, the plaintiff offered himself as a witness to prove certain pertinent conversations, touching the matters in controversy, that had occurred between himself and the decedent, whose estate was represented by Watts, administrator, defendant.   This proffer of testimony was rejected, on the ground it was inadmissible by force of the statutes of this state.

The principle asserted and enforced was, that as the defendant on the record was sued in a representative capacity, the plaintiff could not be permitted to testify as to any transaction with, or statement made by, defendant's intestate.

Inasmuch as the rules of the common law, with respect to the admissibility of witnesses, have, in the main, been abrogated and superseded by legislative action, we must, in the solution of the problem before us, have recourse to the statutory regulations thus indicated.

The general legislative policy on this subject is plainly indicated in the series of laws that now stand on our statute books, and that policy is to remove almost all the incapacitations of witnesses which, in the ancient system, had prevailed. Thus, section 3 of the act concerning evidence declares that " No person shall be disqualified as a witness in any suit or proceeding at law or in equity by reason of his or her interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his or her credit; *provided, nevertheless,* that no party shall be sworn in any case where the opposite party is prohibited by any legal disability from being sworn as a witness, or either of the par-

ties in a cause sue or are sued in a representative capacity, except as hereinafter mentioned."

The exception here alluded to is stated in the following section, being section 4, in these words, viz. : "A party in a suit in a representative capacity may be admitted as a witness therein, and if called as a witness in his own behalf and admitted, the opposite party may in like manner be admitted as a witness."

It is not perceived that there is the faintest obscurity in this adjustment. The legislative purpose is plain and the language is apt. At common law a witness was disqualified if he had any interest in the result of the suit, or if he stood as a party to the record, and these disqualifications were abolished except in two cases—*first*, when the opposite party was under a legal disability as a witness, and, *second*, when either of the parties had sued or been sued in a representative capacity, unless the latter was admitted as a witness at his own instance. The object of the exception arising from the presence of a representative party, obviously was to prevent the supposed unfairness of permitting a litigant to testify in his own favor, with respect to the subject in litigation, when the lips of the other party in interest had been sealed by death. This was the entire effect of the proviso in sections 3 and 4. That branch of the proviso which we are at present considering came in force only when there was a representative party and a non-representative party on the record. The expression is, "when either of the parties in a cause sue or are sued in a representative capacity," and it has no application whatever to the occasion when both plaintiff and defendant are representatives. · Under any circumstances it would require an act of great vigor to transmute the word " either " into " both," and certainly it should approach the line of the legally impossible when, by making the transmutation, there would be introduced into this statutory system to which it relates an incongruity so great as to approach the fantastic. Practitioners who, in the old times, took part in the trial of causes will remember how impossible it used to be to assign any ground

founded in right reason for the exclusion as a witness of a personal representative who stood upon the record as one of the parties. Such a party obviously was without any personal interest in the result of the litigation. If his pleadings were right, he was not, in most cases, liable in any event to the costs, and it would seem that the only excuse for the rejection of his testimony that ever was given, or ever could be given, was the assertion, *ita scriptum est.* In fact, the disqualification of that class of witnesses is the least defensible of any of the old rules of judicial evidence, and to reintroduce it would look like a mere anachronism. In this age that has accomplished so much improvement in so many of our methods of procedure, it would be strange, indeed, to find a statute that should at once declare that when two litigants should be the parties to the suit upon the record, each, notwithstanding his interest, should have the right to testify in his own behalf, but if such litigants were dead and their respective representatives were the parties to the record, that notwithstanding the absence of all personal interest in the litigation neither of them could become a witness at his own instance.

It is deemed that, in these statutes under criticism, there is not the slightest indication of a purpose to produce such a result. Where both parties appear on the record in a representative capacity, each is qualified as a witness in his own behalf, by force of the general provision contained in the third section of the act above quoted, to the effect that "no person shall be disqualified as a witness by reason of his interest in the suit" as a party or otherwise, and, as we have seen, the subsequent circumscription of the rule so established is not applicable where both parties are representatives, but only where one party is such and the other is a non-representative.

With respect to the supplemental act of 1880, it is deemed sufficient to say that its pertinence to the present inquiry is not perceived. Its purpose was to narrow the effect of the proviso constructed by sections 3 and 4 of the act just construed. But as the present subject is unaffected according to

the foregoing view, by such proviso we can, on the present occasion, have no concern with this later act modifying it.

The result, that it was error in law to refuse to admit this administratrix as a witness at the trial of the cause, and the judgment be therefore reversed and a *venire de novo* issue.

*For affirmance*—REED, CLEMENT.    2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, MAGIE, BOGERT, BROWN, SMITH.    8.