HENRY F. BELL, ADMINISTRATOR, &c., OF JAMES BELL, DECEASED, v. CHARLOTTE E. SAMUELS, EXECUTRIX, &c., OF HENRY E. SAMUELS, DECEASED.

1. It is sufficient for reversal of a judgment that an error complained of may have done harm to the plaintiff in error.

2. Where both parties appear on the record in a representative capacity, each is qualified as a witness in his own behalf and may testify to any fact provable in the cause.

3. Costs are not recoverable against an administrator prosecuting in the right of his intestate.

On *certiorari* to Passaic Common Pleas.

Argued at February Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff, *Leonard J. Tynan.*

For the defendant, *Eugene Emley.*

The opinion of the court was delivered by

COLLINS, J.   The errors complained of in this case arose on the trial of an appeal from a District Court.   The judgment of the Common Pleas in favor of the defendant is brought up by *certiorari.*   Under a rule of this court the judges have certified, among other things, as follows:

"We refused to allow Henry F. Bell, who was sworn as a witness for the plaintiff, to testify to conversations between himself and his father, the intestate, in regard to the judgment of Bell against Creighton, on the ground that such testimony would be illegal; and we did not permit the said Henry F. Bell to give testimony as to any transactions with or statements by the said Henry E. Samuels, the testator of the said Charlotte E. Samuels, executrix; but as to other matters the said Henry F. Bell was allowed to be examined as a witness in the said cause."

Whether or not the conversations of the witness with his father would be legal evidence in the cause depends upon matters not before us; but the refusal to permit him to testify as to any transactions with or statements by Henry E. Samuels was a clear error and must work a reversal of the judgment.

Where both parties appear on the record in a representative capacity, each is qualified as a witness in his own behalf and can testify to any fact provable in the cause.   *Haines* v. *Watts,* 26 *Vroom* 149.

It is urged that as the exact nature of the excluded evidence is not shown by the record, it does not appear that its exclusion did the plaintiff harm.

It suffices for reversal that the court can see that the exclusion may have harmed the plaintiff. As was said in *Ruckman* v. *Bergholz,* 8 *Vroom* 437, 441 : "It is true that a judgment will not be reversed for an error, however manifest, which has done no injustice. But it should be clear that the party complaining has not been injured by the error, and if there is reasonable doubt on that point, it is the duty of the court to give him the benefit of it." In the case in hand the court excluded the witness's testimony as to *any* transaction with or statement by the decedent. It is difficult to conceive a situation where in an action against his estate, *no* transaction with or statement by him would be pertinent.

Another error in the judgment under review consists in the award of costs. These are not recoverable against an administrator prosecuting in the right of his intestate. *Gen. Stat., p.* 2578, § 266.