# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1902.

———

SAMUEL D. LODGE, administrator, appellant,

*v.*

ELMER J. HULINGS, executor, et al., respondents.

[Filed November 17th, 1902.]

By the true construction of sections 3 and 4 of the Evidence act, as revised in 1900, a party to a suit is a competent witness, notwithstanding that *either, or both,* of the parties appear on the record in a representative capacity, but, when that is the case, a party offering himself as a witness will not be permitted to testify concerning any transaction with, or statement by, the decedent of his adversary, unless his adversary first offers himself as a witness and testifies to a transaction with, or statement by, such decedent.

On appeal from a decree advised by Vice-Chancellor Grey, whose opinion is reported in *18 Dick. Ch. Rep. 159.*

*Mr. Austin H. Swackhamer,* for the appellant.

*Mr. Joseph J. Summerill,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

One Paschal L. Hulings, in his lifetime, executed and delivered to his mother, Rachel R. Hulings, certain promissory notes to secure the payment of moneys loaned by her to him. He died without having paid these notes, and, after his death, Mrs. Hulings gave them to the defendants, who were his sons, and also his executors, by whom they were destroyed. The complainant, as administrator of Mrs. Hulings, seeks, by his bill, to have the transfer of the notes to the defendants declared to be invalid, and the notes re-established as an indebtedness of the estate of Paschal Hulings, the defendants' testator.

The grounds upon which this relief is sought are that Mrs. Hulings was mentally incompetent to make the transfer, and further, that she was unduly influenced to do so by the defendants.

On the trial of the case before the vice-chancellor Elmer J. Hulings, one of the defendants, offered himself as a witness in their behalf, and was permitted, against objection, to testify concerning transactions with, and statements made by, Mrs. Rachel Hulings, the court considering that, where both of the parties to a litigation appear upon the record in a representative capacity, our statute concerning evidence permits each of them to testify on all matters which are relevant to the issue, accepting the declaration of this court to that effect in *Haines* v. *Watts, 26 Vr. 149,* as conclusive.

The vice-chancellor, in so ruling, seems to have overlooked the fact that, since the decision of *Haines* v. *Watts,* there has been a revision of the act concerning evidence, and material alterations made in those provisions thereof which were construed in the case

Lodge *v.* Hulings.

referred to. *P. L. of 1900 p. 362.* The importance of the changes made, so far as the right of either party to the record to testify is concerned, when both appear thereon in a representative capacity, becomes at once apparent upon comparing the old law with the new:

"ACT OF 1874.

"SEC. 3. No person shall be disqualified as a witness in any suit or proceedings at law or in equity by reason of his or her interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his or her credit; *provided, nevertheless,* that no party shall be sworn in any case when * * * either of the parties in a case sue or are sued in a representative capacity, except as hereinafter provided.

"SEC. 4. A party to a suit in a representative capacity may be admitted as a witness therein, but if called as a witness in his own behalf and admitted, the opposite party may, in like manner, be admitted as a witness.

"SUPPLEMENT OF FEBRUARY 25TH, 1880.

"In all civil actions in any court of law or equity of this state, any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; *provided, nevertheless,* that this supplement shall not extend so as to permit testimony to be given as to any transaction with, or statement by any testator or intestate represented in said action."

"REVISION OF 1900.

"SEC. 3. No person shall be disqualified as a witness in any suit or proceedings at law or in equity by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credit.

"SEC. 4. In all civil actions any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; *provided,* this section shall not extend to permit testimony to be given by any party to the action as to any transaction with or statement by any testator or intestate represented in said action, unless the representative offers himself as a witness on his own behalf, and testifies to any transaction with, or statement by his testator or intestate, in which event the other party may be a witness on his own behalf as to all transactions with, or statements by such testator or intestate, which are pertinent to the issue."

In *Haines* v. *Watts* we held that, by force of the third section of the act of 1874, a party to the record was qualified to testify as fully and completely as any other witness in a case, unless

excluded by the terms of the proviso; that the expression "either of the parties sue or are sued in a representative capacity," contained in the proviso, was to be construed as applying only to those cases in which one, *and not both,* of the parties appeared on the record in such capacity; that section 4 of the act merely narrowed the effect which the proviso of section 3 would otherwise have; and that the sole purpose of the supplement of 1880 was to still further narrow the effect of that proviso. The necessary result of this construction of the act was that, where *both* parties to the record appeared in a representative capacity, each was fully qualified as a witness in his own behalf.

By the revision of 1900 section 3 of the act of 1874 was re-enacted, so far as it qualified parties to the record as witnesses.

The proviso, however, together with the modification thereof contained in section 4, was repealed, and, in its place, there was substituted by the legislature a paraphrase of the supplement of 1880, which appears as section 4 of the revised act.

It is true that the language used in the new section 4 is not in the form of a proviso, and is not especially apt as expressing a limitation upon the absolute removal of disqualification contained in section 3; but, unless it be given that construction, the new section is entirely without force. In itself it removes no disqualification. Although, in its first clause, it declares that a party to a suit may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity, that right had already been conferred, in absolute terms, by section 3, which, as is shown in *Haines* v. *Watts,* permits any party to a suit to be sworn and examined as a witness, without regard to whether or not his adversary appears in a representative capacity. This being so, unless the proviso in section 4 is a limitation upon the absolute right to testify conferred upon a party to the record by section 3, that absolute right still remains, notwithstanding the proviso. It is obvious that this was not the intent of the legislature—that a party whose adversary appeared in a representative capacity was not intended to be permitted to testify concerning transactions with, or statements by, his adversary's decedent, except under the conditions set out in

the proviso. We conclude therefore that, by the true construction of the act, as it now appears on the statute-book, no person is disqualified as a witness by reason of his being interested as a party to the suit, and that such party may be sworn and examined as a witness, notwithstanding that either one or both of the parties appear on the record in a representative capacity; but that, where this is the case, the party offering himself as a witness shall not be permitted to testify concerning any transaction with, or statement by, the decedent of his adversary, unless his adversary first offers himself as a witness and testifies to a transaction of, or statement by, such decedent.

There was error therefore in permitting the defendant Elmer J. Hulings to testify concerning transactions with, and statements by, the complainant's intestate.

But, although this testimony should have been excluded, its admission will not justify a reversal of the decree appealed from. Disregarding it entirely, we consider that the other evidence, submitted to the court below, amply justifies the conclusion reached by the vice-chancellor—that Mrs. Hulings was mentally sound at the time of making the transfer of the promissory notes in question to the defendants, and that she was not unduly influenced by them in the matter, but made the transfer of her own free will.

The decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM—12.

*For reversal*—None.