THE STATE, DEFENDANT IN ERROR, v. CHARLES C. HEN-
DRICK AND SAMUEL STANTON, PLAINTIFFS IN ERROR.

Submitted June 22, 1903—Decided November 9, 1903.

1. An exception to the admission of evidence which fails to show the ground of the objection will not be considered on error, but if it appear from the bill of exceptions that, at a previous stage of the trial, the ground of the objection was in the mind of the trial judge, as evidenced by a declaration that the evidence, afterwards objected to, was competent testimony and would be admitted, the defect in the exception is thereby cured.

2. A general objection that the evidence is incompetent will not be available to an exceptant unless it appears, upon review, that the evidence was not competent for any purpose at the time it was offered.

3. In order to obtain a review of the entire record of the proceedings had upon the trial of a criminal cause pursuant to sections 136 and 137 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), it must appear by the certificate of the trial judge, annexed thereto, that such entire record of the proceedings has been returned with the writ of error.

4. At such a trial evidence of independent facts tending to prove the defendant to have been guilty of other collateral crimes for the purpose of showing the likelihood of his guilt of the offence charged or of discrediting him as a witness is inadmissible.

5. On a trial for conspiracy to defraud the legatees under a will by means of a proceeding in court to nullify the provisions of the will, it being charged that the defendants had attempted through their false and corrupt testimony to establish a secret ceremonial

marriage between one of the defendants, and the testator, with whom she had been living, and the birth and death of a posthumous child, the issue of the marriage, who was not named or provided for in said will, after the state had rested upon its proofs, the accused woman was offered as a witness in her own behalf and in behalf of the other two defendants. After she had testified in support of her alleged marriage to the testator and the sequences thereof, as before mentioned, and after having denied, upon cross-examination, that she had been guilty of criminal intimacy, after the date of her supposed marriage, with certain persons named, who were unconnected in any way with the conspiracy charged, the state, in rebuttal, called witnesses to contradict her and to prove her guilt of the acts of criminal intimacy referred to. The trial court admitted this evidence over an objection that it was incompetent. As a result of the trial the record shows no verdict as to the woman, but does show the conviction of the other defendants, who brought error. *Held*, upon review, that the evidence in question was not admissible for any purpose, and that since the plaintiffs in error may have been prejudiced by the evidence excepted to, its admission was reversible error.

On error to Monmouth Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs in error, *Aaron E. Johnston, Frank P. McDermott* and *Joseph M. Noonan.*

For the state, *John E. Foster,* prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J.   This writ brings up for review the conviction of Charles C. Hendrick and Samuel Stanton in the Monmouth Quarter Sessions upon an indictment for conspiracy.   The two were jointly indicted with one Laura Biggar.   The indictment is in two counts and charges, in substance, that the three persons named unlawfully conspired and agreed together by certain false and fraudulent proceedings in the Orphans' Court of said county to nullify, set aside and make void and of no effect the last will of Henry M. Bennett, late of said county, who died on April 11th,

1902, with intent to defraud the several legatees therein named; that in the execution of said conspiracy they presented, or caused to be presented in said court, a sworn petition of said Laura Biggar by the name of Laura Bennett, setting forth that on January 2d, 1898, she was lawfully married to said Henry M. Bennett, and that as a result of the marriage a male child was born to the petitioner on July 30th, 1902; that the child died August 13th following, and that the child was not named or provided for in said last will. The indictment further charges that in furtherance of said conspiracy the persons so accused did falsely and corruptly cause and procure the said Samuel Stanton, who was a justice of the peace, to falsely and corruptly testify under oath before said court that he solemnized the alleged marriage in the city of Hoboken, and made out and delivered to the said Laura Biggar a certificate of the marriage, and did in like manner cause and procure said Stanton and Hendrick to be sworn before said court in support of said false and corrupt conspiracy and agreement, &c. As a result of the trial of the indictments the defendants, Hendrick and Stanton, were found guilty by the jury, but as to Laura Biggar the record shows that no verdict was rendered.

Among a number of errors assigned for reversal there is one based upon the admission by the trial judge of the testimony of three or more witnesses purporting to show acts of criminal intimacy on a number of occasions between Laura Biggar and certain men named by the witnesses, but who had no connection whatever with the alleged conspiracy. These acts of criminal intimacy were designated as having occurred at various places in this and other states and at different times during the period subsequent to the supposed marriage. The record shows that the evidence referred to was objected to by counsel of the defendants, and that the several objections were overruled by the trial court and exception allowed and sealed thereon. But it also reveals the fact that in each case the ground of the objection was not stated. Ordinarily such an omission is fatal to an exception,

in that it cannot be considered by the court on review by writ of error. *Donnelly* v. *State,* 2 *Dutcher* 463; *S. C., Id.* 601; *Mooney* v. *Peck,* 20 *Vroom* 232; *Oliphant* v. *Brearley,* 25 *Id.* 521;. *New Jersey Zinc Company* v. *Lehigh Zinc Company,* 30 *Id.* 189.

The effect of such an. omission may be obviated where the plaintiff in error elects to take up the entire record with his writ of error and pursues the practice pointed out in sections 136 and 137 of the Criminal Procedure act revised in 1898. *Pamph. L., p.* 915.

The briefs of counsel seem to assume that the entire record is here under that act. But such is not the fact. The writ of ,error is in the ordinary form and fails to command the certifying to the court of the entire record of the proceedings had upon the trial, nor does the return show any certificate of the trial judge that the return embraces such entire record. A substantial compliance with the practice here suggested is manifestly necessary to give effect to the requirements of the statute in question. This practice was recognized .in *Roesel* v. *State,* 33 *Vroom* 216, 240.

We have found, however, in another part of the record that the admissibility of the evidence objected to was under consideration by the trial judge. Laura Biggar was being cross-examined by counsel for the state, and was asked as to her having occupied the same bed on different occasions with. the men alluded to. These questions were admitted over the objection of counsel for defendants and .were answered in the negative by the witness.. During this cross-examination, and while an. objection was pending, the following colloquy occurred between counsel for the state and the court: "We propose, in order that there should not be any confusion, to produce one or more witnesses, who will swear to having seen this woman in that condition. The court—I think the evidence is competent and will admit it." After an exception by defendant to the pending question was noted, the court added: "Yes, all that goes in, subject to your exception to all this line of testimony." This was a plain declara-

tion by the court to counsel of the defendants that the evidence of the proffered witnesses on that subject matter was competent and would be admitted when they should be called, subject to an exception. This cures the defect in the exceptions before pointed out. And the defendants were entitled to the benefit of this ruling when the testimony of the several witnesses on this line was offered, without repeating the ground of objection at each offer. 8 *Encycl. Pl. & Prac.* 229, and cases cited; 1 *Thomp. Tr.* 705. An objection, however, to evidence that it is incompetent is so general in its character that it will not avail upon review unless it be found that the evidence was not admissible for any purpose. 8 *Encycl. Pl. & Prac.* 228 (*d*); 1 *Thomp. Tr.* 703. So that, with this limitation, we find the exception sufficient to authorize an inquiry as to the legality of the ruling excepted to.

The person attacked by this testimony was a defendant upon trial and also a witness for the other defendants. Plainly, the evidence was not admissible to impeach the testimony of a witness. A conviction of crime may be shown for the purpose of affecting the credit of a witness. *Pamph. L.* 1900, § 1; *State* v. *Henson*, 37 *Vroom* 601.

A witness may be discredited by evidence attacking his character for truth and veracity, but not by the proof of particular independent facts, though bearing upon the question of veracity. *Whart. Cr. Ev.* 486; 1 *Greenl. Evid.* 461. Was the evidence admissible against her, as one of the defendants on trial who had testified in her own behalf? The rule is, in general, that a party, when he becomes a witness, is subject to the usual duties, liabilities and limitations of witnesses. *Whart. Cr. Ev.* 429. And the rule which excludes the proof of independent facts to discredit a witness, before alluded to, applies with equal force here. The general rule is that upon the trial of a person for one crime, evidence that he has been guilty of other crimes is irrelevant. *State* v. *Raymond*, 24 *Vroom* 260, 264; *Whart. Cr. Ev.* 30. Nor is it competent to admit such proof for the purpose of show-

ing that the accused would be likely to commit the crime charged in the indictment. *Bullock* v. *State,* 36 *Vroom* 557, 574, and cases cited.

There are well understood exceptions to the general rule. Among them are those where the extraneous crime grows out of the *res gestæ* of the principal offence, or is one of a system of independent crimes or is offered to prove a particular intent. The exceptions to this rule, in general, are quite fully stated by Mr. Justice Dixon, in the opinion in *State* v. *Raymond, supra.* See, also, *Whart. Cr. Ev.,* §§ 8, 31–48. The offence here charged is a conspiracy to defraud legatees under a will in the manner and by the means before stated, and we are unable to perceive how the proof of acts of unchastity on the part of the witness with persons who were in no way connected with the conspiracy charged can be brought within the exceptions alluded to. Counsel for the state have not made such a contention, but they urge that this class of testimony was admissible to show the conduct of the defendant Biggar to be inconsistent with her claim "that she had always, since her marriage, been a faithful, loving wife" to the testator. I have been unable to find in the testimony of the witness the statement alluded to. But granting that there is such testimony in the record, it was clearly irrelevant to the issues involved at the trial. And the rule is that the introduction of irrelevant or immaterial testimony by one party can never justify the introduction of illegal testimony by the other (*Cook* v. *State,* 4 *Zab.* 843, 851), not even for the purpose of contradiction. 1 *Greenl. Evid.* 461, 462. The admissibility of the testimony is further urged on the ground that the effect might be to throw doubt upon the paternity of the child, a fact which counsel suggests was in issue upon the trial. We do not concede that the question of paternity was in issue, or could have been, upon the trial for conspiracy, but we need not consider that question, for the record shows that the evidence in question either fixed no date at all of the alleged acts of criminal intimacy or in connection with the other testimony shows that

they occurred, if at all, several months before, or several months after, the beginning of the ordinary period of gestation, so that they could not have any bearing whatever upon the question of paternity.

Nor could the evidence be admissible to contradict the defendant's testimony, on her cross-examination, denying the imputed guilt. The rule is that if a question as to a collateral fact be put to a witness for the purpose of discrediting his testimony or impeaching it by contradicting him, his answer in such case must be taken as conclusive, and no evidence can be afterwards admitted to contradict it. *Stark. Ev.* 200, 201; *Whart. Cr. Ev.* 484; *Bullock* v. *State, supra.* It is further urged that even if there was error in the admission of the evidence the error was not injurious, since the failure to convict Laura Biggar is proof that she was not prejudiced by it. But, as before observed, she was a witness for the plaintiffs in error and the tendency of the evidence was, if believed, to reveal in her a condition of extreme moral degradation. We can see where the effect of such exposure might be to discredit her testimony with the jury. When the court of review can see that the error complained of may have harmed the plaintiff in error, it is the court's duty to reverse. *Bell* v. *Samuels,* 31 *Vroom* 370; *Buckman* v. *Bergholz,* 8 *Id.* 437, 441.

The result we have reached upon this assignment of error renders it unnecessary to examine the other assignments. The judgment below must be reversed and a *venire de novo* awarded.