THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CHARLES H. NEWMAN, PLAINTIFF IN ERROR.

Submitted December 9, 1905—Decided February 26, 1906.

The defendant was convicted of embezzlement as a chosen freeholder in selling second-hand bridge plank to one Mahler for the sum of $4.50 and applying the proceeds to his own use. The defence offered was that there was no sale and no money paid but a permission to take only. The state proved that Mahler bought the plank for an organized club and called as a witness the secretary and treasurer of the club, who was permitted to testify, over objection, to a conversation with Mahler to the effect that Mahler had paid for the plank and had received a credit for the price upon

his dues as a member of the club. The defendant was not present at the conversation nor connected by any proof with the transaction testified about. *Held*, on review, that the evidence admitted was hearsay and irrelevant and its admission was error. The admission of the evidence of one Purdy that he had on another occasion bought plank from the defendant and out of the same lot, over objection, was also error. Because of these errors there was a reversal.

On error to Passaic Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff in error, *Wood McKee, Munson Force* and *Michael Dunn.*

For the state, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J.  The defendant below was convicted at the Passaic Sessions upon an indictment charging him with embezzlement as a public officer, to wit, a member of the board of chosen freeholders of the county of Passaic, and brings error. The particulars of the charge are that, having in his care and custody as such member eighteen oak plank of the value of $5, the property of said board, the defendant fraudulently took and embezzled the same to his own use, with intent to cheat and defraud the said board, &c.

One of the errors complained of was the admission of illegal evidence. The state called as a witness one Mahler, who testified that he bought these plank of the defendant and paid him $4.50 for the same, and further proved that the defendant had not accounted or paid to the county any part of the money thus alleged to have been received by him. Mahler further testified for the state that he purchased the plank for the purpose of repairing the piazza of the clubhouse of the Mohawk Outing Club, of which he was a member, and in order to further support the allegation of sale by the defendant and the latter's receipt of the money therefor,

the state called one Schmitt as a witness, who testified that he was a member of the club and its secretary and treasurer, and he was permitted to testify, over objection, to a conversation of the witness with Mahler with regard to the payment for the plank; that Mahler had paid out for the plank $4.85, and was credited by the club with that amount as a credit upon the dues Mahler was owing to the club. These declarations involved transactions which took place in the absence of the defendant, and which were in no way binding upon him. The evidence was objected to by the defendant and insisted upon by the state as corroborative proof and admitted by the court. The entire record of the trial is before us under the certificate of the trial judge, made pursuant to section 136 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), and the plaintiff in error has specified this admission of testimony objected to as one of the causes relied upon by him for reversal, in accordance with the provisions of the act, so that, although an exception was not sealed at the trial, this alleged error is properly before us for review. We think the admission of this evidence was erroneous. These declarations of Mahler recited by the witness involved transactions which occurred, if at all, in the absence of the defendant, and without any authority or consent of his, so far as the proofs show. The testimony objected to was hearsay in character and irrelevant. The defendant had testified that these plank were old ones left from the replanking of Beatty's bridge, which had been done by order of the board; that he had given Mahler the liberty of taking them, saying to him that he, the defendant, did not want them; that he did not sell them to Mahler and had received no money for them. It seems to us that, under these circumstances, the admission of this evidence objected to was injurious to the defendant, and the rule is that when the court of review can see that the error complained of may have harmed the plaintiff in error, it is the court's duty to reverse. *Bell* v. *Samuels,* 31 *Vroom* 370; *Ruckman* v. *Bergholz,* 8 *Id.* 437, 441; *State* v. *Hendrick et al.,* 41 *Id.* 41.

Another error specified as a ground of reversal grew out of

the admission, over objection, of the evidence of a witness called by the state, whose name was Purdy. The defendant was asked on his cross-examination whether he remembered a man named Purdy coming to get some of the plank, and he answered, "He never came to me in his life to get any." Purdy was then called by the state in rebuttal and was permitted to testify that he got two loads of the plank, and that he got it from Mr. Newman. He was then asked, "Did you buy it from him?" and he answered that he did. This testimony was admitted over objection, and it seems to us was clearly incompetent. In the case of *State* v. *Bullock*, 36 *Vroom* 557, 574, the Court of Errors and Appeals declares that on the trial of the accused for a crime, it is not competent to prove that he committed other crimes of a like nature for the purpose of showing that the accused would be more likely to commit the crime charged in the indictment. It is not relevant to show that the defendant has committed other similar crimes that are not connected in any way with the one in question. In the Bullock case the defendant had testified on cross-examination that he had never had any previous trouble with any person whatever, whereupon the state called a man named Campbell to contradict this story and prove the occurrence of an assault upon him by the defendant. The admission of Campbell's testimony was held to be error, and for that reason the conviction was set aside.

I have examined the other grounds for reversal discussed in the brief of counsel for plaintiff in error, but find nothing of merit in them. But upon the grounds already stated the judgment below must be reversed and a *venire de novo* issued.