### THE STATE v. BENJAMIN CLARK.

Submitted July 5, 1906—Decided November 12, 1906.

Where, in a prosecution for assault, defendant's counsel suggested that the prosecution was for the purpose of laying a foundation for a civil suit, it was proper for the court to charge that the jury had nothing to do with such matter, that it had no place in the case at all, and that the jury's duty was to determine whether on the testimony produced, defendant was guilty of the crime charged, &c.

---

On error to the Hudson Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff in error, *Alexander Simpson.*

For the state, *William H. Speer.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff in error, having been convicted in the Hudson Sessions of atrocious assault, brings this writ of error to review that judgment. The first assignment of error is directed at the following language of the charge: "There has been some suggestion by counsel for the defendant that this prosecution is laying the foundation for a civil suit. That is a matter you have nothing to do with. It has

no place in this case at all.   Your simple duty is to determine whether upon the testimony produced before you in this hearing this defendant is guilty as charged, and if you are satisfied from such testimony that he is guilty, then it is your duty to say so, otherwise you should acquit him."   This assignment requires no discussion.   It is not pretended that counsel did not make the suggestion ascribed to him in the charge, and if he did there can be no difference of opinion as to the entire propriety of the judge's reference to it.

The remaining assignments discussed in the brief of counsel relate to comments contained in the charge that are not subjects of reversal upon error.   The charge, as a whole, clearly informed the jury as to their right and duty in dealing with disputed questions of fact.   *Bruce* v. *Carter,* 3 *Vroom* 554; *Castner* v. *Sliker,* 4 *Id.* 507; *Smith* v. *Bennett,* 12 *Id.* 370; *State* v. *Engle,* 21 *Id.* 272.

The judgment of the Hudson Quarter Sessions is affirmed.