# CASES AT LAW

DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

JUNE TERM, 1907.

---

THE STATE, DEFENDANT IN ERROR, v. BENJAMIN CLARK,
PLAINTIFF IN ERROR.

Submitted July 8, 1907—Decided November 18, 1907.

1. When one convicted on an indictment desires to obtain a review,
   either in whole or in part, under the provisions of sections 136
   and 137 of the Criminal Procedure act of 1898, he must procure
   the return, with his writ of error, of "the entire record of the
   proceedings had upon the trial."
2. That "record" must be authenticated by the certificate of the
   trial judge, and for want of such an authentication the "causes"
   for reversal will not be considered.
3. The formal return of the record upon a writ of error will not
   authenticate the record of the proceedings had upon the trial.

---

On error to the Supreme Court, whose opinion is reported
in 45 *Vroom* 33.

For the plaintiff in error, *Alexander Simpson*.

For the state, *William H. Speer*, prosecutor.

473

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The record and proceedings brought into this court disclose a judgment of the Supreme Court affirming the conviction of plaintiff in error in the Quarter Sessions of Hudson county upon an indictment for atrocious assault and battery. An examination of the printed case makes it apparent that the plaintiff in error conceived that the case presented to the Supreme Court included the "entire record of the proceedings had upon the trial" of the indictment, under the provisions of sections 136 and 137 of the Criminal Procedure act. *Pamph. L.* 1898, *p.* 915.

It may be questioned whether the writ of error issued out of the Supreme Court was sufficient to require the Court of Quarter Sessions to return the entire record of the proceedings had upon the trial sought to be reviewed, but whether so or not, it is well settled that such proceedings are not properly in the case unless they are authenticated by the certificate of the trial judge. *State* v. *Hendrick,* 41 *Vroom* 41; *Roesel* v. *State,* 33 *Id.* 216, 240; *State* v. *Hernia,* 39 *Id.* 299; *State* v. *Shutts,* 40 *Id.* 206; *State* v. *Lang, ante p.* 1.

The printed case contains no certificate of the trial judge to those proceedings. Nevertheless the plaintiff in error filed in the Supreme Court a specification of causes relied on for reversal, but did not assign error.

Upon this state of the record in the Supreme Court the judgment of conviction should have been affirmed, there being no error in the record and no assignments of error upon bills of exception. Yet the Supreme Court dealt with the case as if there had been assignments of error filed in that court. This appears from the opinion in that court delivered by Mr. Justice Garretson, reported in 45 *Vroom* 33. No error being found upon the supposed assignments of error, the judgment was affirmed.

The present writ of error brings up this record, and the plaintiff in error, persisting in the misconception of the situation of the record, has filed here causes for reversal and no assignments of error. There being no assignments of error, this court cannot reverse for any errors committed in the

Supreme Court, if any there were. There having been no authenticated return of the entire record of the proceedings at the trial, this court cannot review any alleged erroneous conduct of the court in the trial. The judgment of the Supreme Court must therefore necessarily be affirmed.

As the deficiency in the case presented was not at once discovered, we have examined the alleged erroneous conduct, and have found no error therein.

It is first argued that the trial judge deprived the jury of the right to test the credibility of the complaining witness by his interest in a civil suit which he intended to bring. But it nowhere appears that the complaining witness had such an intention. Nor does it appear that the judge's attention was directed to that matter, nor that he was requested to charge as to the right of the complaining witness to bring a civil action against plaintiff in error and its possible effect upon the evidence given by him. Some suggestion by counsel was made which does not appear, and which doubtless caused the trial judge to use this language: "There has been some suggestion by counsel for the defendant that this prosecution is laying the foundation for a civil suit. That is a matter you have nothing to do with. It has no place in this case at all. Your simple duty is to determine whether, upon the testimony produced before you in this hearing, this defendant is guilty as charged, and if you are satisfied from such testimony that he is guilty, then it is your duty to say so. Otherwise you should acquit him."

As the case was presented, we think this instruction was unobjectionable.

The second cause alleged for reversal relates to an instruction of the trial judge to the jury.

If the evidence of the prosecuting witness and his father was believed by the jury, the serious wound upon the hand of the prosecuting witness was inflicted by plaintiff in error when the latter, with the prosecuting witness and the prosecuting witness' father, were the only persons present. They might also have believed that the razor with which the wound upon the prosecuting witness was inflicted was immediately

used by the plaintiff in error upon the father, although no injury was done him except in cutting his clothes, and that plaintiff in error immediately thereafter fled. He was pursued by others, including the brother of the prosecuting witness, and caught. The witnesses to the atrocious wounding were only the three persons we have named. The plaintiff in error, when called as a witness for himself, denied, under oath, that he had, or used, a razor. In the course of the charge of the trial judge the statement of the plaintiff in error was called to the attention of the jury, and the jury were directed to consider its truth with reference to the plain fact that if plaintiff in error did not cut the prosecuting witness the cut must have been made either by the prosecuting witness himself or by his father, the only persons immediately near. This was an entirely proper direction, tending to bring before the jury matters affecting the credibility of the plaintiff in error, and as the jury were afterwards told that they must determine the truth according as they believed the witnesses, there was nothing erroneous therein.

The remaining cause alleged relates to a statement of the trial judge in his charge, to the effect that the testimony of witnesses who narrated what occurred after the plaintiff in error had fled, and while he was being pursued and caught, would have no bearing upon what occurred at the time the three persons encountered each other and when the wound was inflicted. It is impossible to discover any error in that charge.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, HENDRICKSON, PITNEY, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 11.

*For reversal*—None.