THE STATE, DEFENDANT IN ERROR, v. EDWARD SHEEHY, PLAINTIFF IN ERROR.

Submitted March 27, 1911—Decided June 19, 1911.

1. A general objection to evidence without stating any ground of objection is insufficient.
2. An objection to evidence for incompetency is not available in error unless the evidence was incompetent for any purpose at the time it was offered.
3. A general objection of incompetency following immediately a series of objections to similar questions for incompetency on a specific ground—*Held,* to justify the trial court in assuming that no other ground of incompetency than that just urged was intended, and *held* unavailable in error on any ground other than that specified.
4. A judgment will not be reversed on a ground not embraced in the assignments of error.

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Pierre P. Garven,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. This writ of error presents for review the judgment of the Supreme Court affirming a conviction of the plaintiff in error in the Hudson Quarter Sessions, of conspiracy with other persons to defraud the city of Jersey City by obtaining the allowance and payment of two false and fraudulent claims against said city, one in the amount of $295 in the name of one McCarthy, the other in the amount of $70 in the name of one Fitzgerald. The plaintiff in error was at the time a member of the board of aldermen of Jersey City.

The case is submitted on a strict bill of exceptions. The first exception assigned for error arose in this way: The city clerk was sworn and produced and was examined on the original minutes of the board of aldermen. In the course of his testimony he was asked: *"Q.* Is there any record which shows what disposition was made beyond what you have already recited, of the claims to which you have referred in your testimony. That is to say, the two claims of $70 (*sic*) and the one of $295 ?"

This was objected to, but without assigning any ground of objection, the question allowed and exception entered. The exception, of course, was futile and is not now pressed. *Mooney* v. *Peck,* 20 *Vroom* 232. The witness answered: "There is a record under the head of 'official communications,' December 14th, 1906," and went on without further objection to read from the minutes what is obviously a veto message addressed to the board of aldermen in which the writer says: "I herewith return to your honorable board your resolution of November 30, 1906, without my approval except as wherein I have excepted certain items contained therein and specified in the resolution book. The items in said resolution, of which I disapprove and as to which this communication may be considered my veto, all involve expenditures incident to the recent primary and general elections. I will enumerate them:"

Then follow a number of items, including the two in question and the concluding sentence, "In my judgment every one of those claims is grossly excessive." All this, as just noted, was read without interruption or objection by counsel for de-

fendant, except the objection originally made to the question. The prosecutor then added: "Is that a communication by the mayor to the board of aldermen?" This was objected to, allowed and exception taken, and the witness answered in the affirmative. The admission of this question and answer is now urged for error.

It is, to say the least, doubtful whether the assignments of error sufficiently identify this exception. The only assignments which can be said to include it are the first and second, viz., that the contents of the minute book were allowed to be read in evidence over objection, and that the court allowed secondary evidence to be given of a communication purporting to have been made by the mayor to the board of aldermen "without producing the written communication, or accounting for its absence, but merely reading from a book purporting to be the minute book of the board of aldermen, which said question was put to, and an answer allowed over the objection and exception of the defendant, as will be found in the bill of exceptions."

These would seem fully as appropriate to the first objection above quoted as to the second, and if applicable to the first would of course fail for lack of specified ground of objection. But waiving this point we are clearly of opinion that the objection itself to the second question was inadequate to put the court in error by reason of the answer that the witness gave. Apparently, if not manifestly, the objection was to the reading of the contents of a writing not offered in evidence. But so far as appeared, the entire writing had been read, and without specific objection. So far as what had been read was concerned, the objection came too late, and no motion was made to strike out the previous answer even if such a motion was then permissible. The question objected to was not whether the writing was signed, and what that signature purported to be, but whether the writing was a communication by the mayor to the board of aldermen. That it was a communication in form, and was addressed to the board, had already appeared. All that the question really called for by way of new matter was the identity of the person from whom it had come or by

whom it had been sent; and this was all that the witness stated in his answer. The argument is that the witness read a signature, but he did not; or, to say the least, it does not appear that he did, or that there was any signature to read. We find no error assigned in these particulars that calls for a reversal.

The next point argued is also without proper foundation in the record. It is that the witness Fagen was allowed to read from a book produced by him and purporting to be the minute book, which book had not been admitted or offered in evidence. Several of the exceptions are covered by this point; but on examining them we find none that supports the argument or the assignment on which it is based. The first and second of the objections relied on are that the minutes themselves were incompetent to prove acts of the defendant. They were undoubtedly competent as evidence of the proceedings of the board of aldermen, of whom defendant was one, and their competency and relevancy are not now questioned. The third and fourth are that the book was incompetent as being minutes of a committee. This point is not now taken. The fifth and sixth objections assigned no grounds. The seventh and eighth objections, to questions whether the witness found minutes relating to specified matters, are for incompetency only. These last two objections do not point out whether the incompetency claimed was that of the book itself or consisted in letting the witness read from it without offering it in evidence. It was there in court, but the point was not once distinctly taken that it should be put in evidence before extracts were read. As the previous specific objections were to the competency of the book, the trial court cannot be charged with notice that any different ground of incompetency in the evidence was intended to be stated by a mere general allegation of incompetency in the last two questions. Such an objection is not available if the evidence is competent for any purpose at the time it is offered. *State* v. *Hendrick,* 41 *Vroom* 41; and as the trial court was justified in considering the objection directed at the minutes, it must fail.

The third point argued may be disposed of on similar grounds. The assignment argued is as follows:

"And the plaintiff in error further assigns for error the testimony of Michael I. Fagen, in reference to certain papers which were offered in evidence and marked *Exhibits S 2, S 3, S 4, S 5, S 6* and *S 7*, and which testimony was admitted at the trial against the objection of the defendant."

The argument now is that these papers were improperly admitted in evidence. But the assignment directs attention not to this admission of the papers, but generally to the testimony of Fagen in reference to them. Without intimating that such an assignment is sufficient for any purpose, but assuming this, it is plain that the propriety of the admission of these papers is not before us for review.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ.   10.

*For reversal*—None.